UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KEVIN A. CALMA,                    ]
                                   ]
    Plaintiff,                     ]
                                   ]
    vs.                            ]   2:08-CV-00350-LSC
                                   ]
FRANKLIN COLLECTION SERVICE,       ]
INC., et al.,                      ]
                                   ]
    Defendants.                    ]

MEMORANDUM OF OPINION

I.  Introduction.

The Court has for consideration three motions to dismiss, which were filed by the defendants, Franklin Collection Service, Inc. ("Franklin"); the Health Care Authority for Medical West, an Affiliate of the UAB Health Care System ("the Authority") (identified in the Complaint as "UAB Medical West"); and UAB Health System ("UABHS"). (Docs. 16, 6, 8, respectively.) Plaintiff Kevin A. Calma sued these defendants individually, and on behalf of all others similarly situated, for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, based on

alleged predicate acts of mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), extortion (18 U.S.C. § 1951), and travel in aid of extortion (18 U.S.C. § 1952).  Plaintiff also made claims that Defendants violated 18 U.S.C. § 2 by aiding and abetting the violation of RICO; violated state laws prohibiting civil conspiracy, aiding and abetting, and unjust enrichment; and he requests declaratory and injunctive relief under 18 U.S.C. § 1964(a). (Doc. 1.)  Defendants moved to dismiss Plaintiff's Complaint for failure to state a claim.  The issues raised in those motions have been fully briefed by all parties and are now ripe for decision.  Upon due consideration and for the reasons stated herein, the motions to dismiss will be granted.

II.   Facts.[1]

Plaintiff Kevin Calma ("Calma") incurred a debt of $735.00 to the Authority on or about June 17, 2007, for services received by his minor daughter.  Calma signed a contract with the Authority that read, in part: "I agree that if this account is not paid when due, and if the hospital should retain an attorney or collection agency for collection, I agree to pay all

---

[1] The facts recited in this opinion are, unless otherwise indicated, taken from the allegations contained in Plaintiff's Complaint.  (Doc. 1.)

costs of collection including interest, reasonable attorney's fee (even if suit filed) and reasonable collection agency fees."

Plaintiff did not pay the $735.00 because he believed the debt was paid by his insurance company. However, he later received a notice from Franklin, dated January 15, 2008, which stated:

> ***NOTICE OF INTENT TO FILE CIVIL LAWSUIT***
>
> Beware, the creditor listed below has authorized Franklin Collection Service Inc. to file a civil lawsuit against you on their behalf to secure themselves from any further loss.
>
> Also, be advised to avoid the possibility of incurring added expenses such as court cost, attorney fees and/or damages this debt should be paid in full. This communication is from a debt collector. This is an attempt to collect a debt, any information obtained will be used for this purpose.

The communication listed the balance due as $992.25.

Calma authorized Franklin to obtain payment of the $992.25 from his checking account through direct bank payment. Franklin withdrew $1,002.25 from Plaintiff's account on or about January 24, 2008.

Calma contends that the contract he signed only authorized the collection of reasonable costs, and Franklin and the Authority—as well as

UABHS as the manager of all UAB hospitals, including the Authority—conspired to create an artificial profit over and above the amount Plaintiff owed by adding fraudulent, unreasonable, and illegal charges. This activity, Calma maintains, constitutes a regular business practice of the defendants.

III.   Standard.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990).  To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations;" however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).[2] The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id.* at 1974.

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  All "reasonable inferences" are drawn in favor of the plaintiff.  *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).  "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."  *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003)(quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th

---

[2]In *Bell Atlantic Corporation v. Twombly*, the United States Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 127 S. Ct. at 1968 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  The Supreme Court concluded that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1960.

Cir. 2001)). Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364 (11th Cir. 1997).

IV. Analysis.

Defendants argue that Plaintiff's RICO claims should be dismissed because the facts alleged in the Complaint do not support violations of RICO's predicate statutes. Defendants also attack the sufficiency of Plaintiff's "aiding and abetting" action and remaining state law claims.

A. RICO.

"RICO makes it unlawful 'to conduct or participate, directly or indirectly, in the conduct of [an] enterprise [that affects interstate commerce] through a pattern of racketeering activity.'" *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.,* 119 F.3d 935, 948 (11th Cir. 1997) (quoting 18 U.S.C. § 1962(c)). "The 'pattern of racketeering activity' element requires that a civil RICO plaintiff establish 'at least two acts of racketeering activity.'" *Id.* (quoting 18 U.S.C. § 1961(5)). "Congress has

defined 'racketeering activity' to mean the violation of any of the criminal statutes listed in § 1961(1)." *Id.*

"Section 1961 requires that a RICO plaintiff establish that a defendant could be convicted for violating any of its predicate statutes." *Id.* at 948-49 (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 486-88 (1985); 18 U.S.C. § 1961 (defining racketeering activity to include conduct that is "chargeable" or "indictable" and "offenses" that are "punishable" under various criminal statutes)). "Therefore, in order to survive a motion to dismiss, a plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts." *Id.* at 949 (citing *Cent. Distribs. of Beer, Inc. v. Conn*, 5 F.3d 181, 183-84 (6th Cir. 1993) (affirming grant of summary judgment), *cert. denied*, 512 U.S. 1207 (1994)). In the Complaint, Calma pleads predicate acts of mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), extortion (18 U.S.C. § 1951), and travel in aid of extortion (18 U.S.C. § 1952).

1.      Mail Fraud and Wire Fraud.

"The elements of mail and wire fraud are identical." *Pelletier v. Zweifel*, 921 F.2d 1465, 1498 (11th Cir. 1991) (citing *Carpenter v. United States*, 484 U.S. 19, 25 n.6 (1987)).  "Mail or wire fraud occurs when a person (1) intentionally participates in a scheme to defraud another of money or property and (2) uses the mails or wires in furtherance of that scheme." *Id.* (citing *United States v. Downs*, 870 F.2d 613, 615 (11th Cir. 1989)).

Because proof of scienter is a requirement for mail and wire fraud, Plaintiff must allege that the defendants had knowledge that their representations regarding the amount the plaintiff owed were false and that the defendants had an intent to deceive.  *See Republic of Panama*, 119 F.3d at 949.  "A RICO plaintiff's allegations of scienter cannot be 'merely conclusory and unsupported by any factual allegations.'"  *Id.* (citing *O'Malley v. O'Neill*, 887 F.2d 1557, 1560 (11th Cir. 1989) (dismissing RICO conspiracy claim), *cert. denied*, 496 U.S. 926 (1990); *Beck v. Manufacturers Hanover Trust Co.*, 820 F.2d 46, 50 (2d Cir. 1987) (RICO plaintiffs must "provide some factual basis for conclusory allegations of intent"), *cert.*

*denied*, 484 U.S. 1005 (1988)).  Moreover, "in a case involving multiple defendants . . . the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Ambrosia Coal & Constr. Co. v. Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007).

Plaintiff's Complaint fails to meet these burdens.  Calma's allegations regarding Defendants' knowledge and intent to deceive are conclusions unsupported by specific facts.  (*See* Doc. 1 ¶¶ 43-44.)  He contends that Defendants charged unreasonable and unlawful costs and fees for the collection of his debt, but does not provide any facts to support an inference that any of the defendants knew that amount was "unlawful" or uncollectible, or that they intended to deceive the plaintiff regarding the total amount owed.  Further, the allegations lump all defendants together and do not distinguish each defendant's knowledge, intent, and responsibility for every purported misrepresentation or omission.  *See Ambrosia Coal & Constr. Co.*, 482 F.3d at 1317.  Therefore, Plaintiff has not stated a claim against any of the defendants for the predicate acts of mail or wire fraud.

2. Extortion and Travel in Aid of Extortion.

"Extortion is defined as 'the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.'" *United States v. Pendergraft*, 297 F.3d 1198, 1205 (11th Cir. 2002) (quoting 18 U.S.C. § 1951(b)(2)). Defendants cite *Pendergraft* for the proposition that the threat of a lawsuit is not "wrongful" under § 1951, and therefore cannot establish a predicate act of extortion. Plaintiff responds that *Pendergraft*'s holding is narrow and his Complaint also includes allegations that Defendants threatened him with increased economic loss through court costs, attorney fees, and damages.

The holding in *Pendergraft* is simply not as narrow as Calma would have this Court believe. In *Pendergraft*, the Eleventh Circuit held that the threat to litigate, by itself, was not "wrongful" under § 1951—nor was the fabrication of evidence to support a lawsuit. *Id*. at 1206-07. The appellate court wrote:

> We trust the courts, and their time-tested procedures, to produce reliable results, separating validity from invalidity, honesty from dishonesty.

> While our process is sometimes expensive, and occasionally inaccurate, we have confidence in it. When a citizen avails himself of this process, his doing so is not inherently "wrongful."

*Id*. While *Pendergraft* dealt with a threat to sue a government, the Eleventh Circuit has since upheld the dismissal of a civil RICO claim based upon an "alleged conspiracy to extort money through the filing of malicious lawsuits" against an individual. *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088 (11th Cir. 2004). The *Raney* court found that the holding in *Pendergraft* applied to both threats of litigation and actual litigation. *Id*.

Given this precedent, it is evident that Defendants' threat(s) to file civil litigation against Calma cannot form a predicate act of extortion under RICO. Plaintiff argues that he was also threatened with increased debt due to possible damages, court costs, and attorney fees, but these allegations of economic harm are included in the litigation "process," and were impliedly considered and rejected as actionable by the *Pendergraft* court. 297 F.3d at 1207. Calma has failed to state a claim for the predicate act of extortion; therefore, he cannot establish the predicate act of travel in aid of extortion under 18 U.S.C. § 1952.

Because Calma has not stated a claim for any of the four predicate acts alleged, his RICO claims under both 18 U.S.C. §§ 1962(a) and (c) must be dismissed.

    3.    Conspiracy.

Plaintiff also alleges in his Complaint that Defendants are liable for conspiracy pursuant to 18 U.S.C. § 1962(d). "[A] party may be liable for RICO conspiracy even if it is not liable for the substantive RICO offense." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1269 (11th Cir. 2004). However, a plaintiff must "allege an illegal agreement to violate a substantive provision of the RICO statute." *Id*.

"To be guilty of conspiracy, . . . parties must have agreed to commit an act that is itself illegal—parties cannot be found guilty of conspiring to commit an act that is not itself against the law." *Id*. (quoting *United States v. Vaghela*, 169 F.3d 729, 732 (11th Cir. 1999)); *see also Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1199 (11th Cir. 2004) ("If the underlying cause of action is not viable, the conspiracy claim must also fail." (internal quotation marks and citation omitted)). Because this Court has concluded that Plaintiff has failed to state a substantive RICO claim

based on mail fraud, wire fraud, extortion, and/or travel in aid of extortion, "the RICO conspiracy adds nothing." *Id*. Moreover, Plaintiff does not include any facts in his Complaint from which this Court could infer an agreement among the parties to commit a RICO violation. Therefore, Calma's § 1962(d) conspiracy claim will also be dismissed.

    4.    Aiding and Abetting.

Plaintiff's Complaint also includes a cause of action for "aiding and abetting" a RICO violation under 18 U.S.C. § 2. Defendants contend that no such private cause of action is available to the plaintiff. However, it is not necessary for this Court to decide this issue. Assuming a private cause of action does exist, Plaintiff's failure to state a claim for a substantive RICO violation in this case mandates dismissal of the "aiding and abetting" claim.

    B.    State Law.

A district court may decline to exercise jurisdiction over state law causes of action if "the district court has dismissed all claims over which it had original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999). Because the Court has concluded that all of

Plaintiff's federal law claims must be dismissed, the Court declines to exercise jurisdiction over Plaintiff's state law claims.

V.   Conclusion.

For the reasons stated above, Defendants' motions to dismiss will be granted, and Plaintiff's Complaint will be dismissed in its entirety, without prejudice.  A separate order will be entered.

Done this 24th day of November 2008.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297